UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrell Herbert, | ) | C/A No. 4:23-6242-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Chaquez T. McCall, McCall Law Firm, and Kelli Spencer, | ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

Proceeding pro se, Plaintiff Terrell Herbert ("Plaintiff" or "Herbert") brought a Complaint in this court against his former counsel, Chaquez T. McCall; McCall Law Firm; and paralegal Kelli Spencer (collectively, "Defendants"). ECF No. 1. This matter is before the court on Defendants' Motion to Dismiss, in which they allege this court does not have subject matter jurisdiction because Plaintiff has not established diversity of citizenship nor has he brought a claim under federal law. Alternatively, Defendants seek dismissal on the alternative ground that Plaintiff has not complied with South Carolina Code Section 15-36-100's requirement that a legal malpractice claim include an affidavit and has not set out any claims as to Spencer. Mot. Dism., ECF No. 41.[1] Having considered Plaintiff's Responses to the Motion, ECF No. 46, 49, and applicable law, the undersigned recommends the Motion to Dismiss be *granted* and this matter be ended.

---

[1] Because Plaintiff is proceeding pro se, pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the pending motion is dispositive, the undersigned enters this Report for the district judge's consideration.

I.  Background

Proceeding pro se, Plaintiff submitted a Complaint using the court's "Complaint for a Civil Case" form on December 4, 2023. ECF No. 1. Plaintiff lists his address as 1937 W. Palmetto St., Florence, SC 29501; he provides South Carolina addresses for all three Defendants. Compl. at 2-3. In completing the portion of the Complaint form concerning the basis for jurisdiction, Plaintiff indicates it is diversity of citizenship. He does not allege federal-question-based jurisdiction. Compl. at 3. Plaintiff states he is a "citizen of the State of Pennsylvania," and Defendant McCall Law Firm is incorporated in and has its principal place of business in South Carolina. Compl. at 4. Plaintiff avers the amount in controversy is sufficient, alleging Defendants "sent a demand for $45,000 against my will and left out lost wages of $35,000 and future treatments of over $100,000 [for] a total [of] $180,000." Compl. at 5. In his "Statement of Claim," Plaintiff assert the following: "On April 12, 2022 McCall Law and Mr. Chaquez McCall sent a Demand to insurance company without my knowledge and left out several documents and stepped away from my case." Compl. at 5.[2]

II.  Jurisdictional challenge

A.  Applicable law

"Federal courts are courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal courts have original subject matter jurisdiction over two general types of cases: those arising under federal law (granting federal-question jurisdiction

---

[2] In the "Relief" section Plaintiff further indicates he is "also requesting $200,000 for punitive damages" based on Defendant McCall's making false representations in having Plaintiff arrested for harassment. Compl. at 5. In addition to the harassment warrant Plaintiff attaches communications regarding the settlement attempts made by McCall and McCall Law Firm and Plaintiff's follow-up email with McCall regarding same. ECF No. 1-1.

2

pursuant to 28 U.S.C. § 1331); and those between citizens of different states where the amount in controversy exceeds $75,000 (granting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)). *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citing 28 U.S.C. §§ 1331, 1332(a)).

Here, Plaintiff alleges only diversity jurisdiction; such jurisdiction requires the citizenship of each plaintiff be different from that of each defendant, and the amount in controversy be greater than $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 386, 372-74 (1978). Defendants have challenged Plaintiff's jurisdictional basis, arguing dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is required because all parties are South Carolina citizens. Def. Mem. 3-5. As Plaintiff is the party asserting the court has jurisdiction to proceed he bears the burden of establishing jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Wiss v. Waccamaw Dermatology, LLC*, No. 4:23-CV-04005-JD, 2024 WL 2810874, at *4 (D.S.C. Apr. 26, 2024) ("Indeed, when the existence of subject matter jurisdiction over a claim is challenged under Fed. R. Civ. P. 12(b)(1), '[t]he plaintiff has the burden of proving that subject matter jurisdiction exists.'" (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)).

B.  Analysis

Defendants argue Rule 12(b)(1) dismissal is appropriate, noting Plaintiff included a South Carolina address in his Complaint. While acknowledging Plaintiff also alleges he is a citizen of Pennsylvania, Defendants submit that "while 'citizenship cannot be inferred from allegations of mere residence, standing alone,' *Axel Johnson, Inc. v. Carroll Carolina Oil Co*., 145 F.3d 660, 663 (4th Cir 1998), '[p]hysical presence coupled with residency is prima facie proof of citizenship.' *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of*

3

*N.Y.*, 822 F.3d 739, 750 n.6 (4th Cir. 2016)." Def. Mem. 4. Defendants note Plaintiff has filed other cases in this court and in South Carolina courts; they include a Notice of Appeal Plaintiff filed on April 2, 2024, in a state court proceeding in which he included the same South Carolina address he gave here (1937 W. Palmetto Street, Florence, SC), as well as a post office box. Notice of Civil Appeal in Magistrate Civil Case Number 2024-cv-21104-00051 (Florence County, SC), ECF No. 41-1.

Although Plaintiff filed a "Response to Summary Judgment," ECF No. 46, and also made a "supplemental filing" in which he indicated he was providing a response to "Chaquez McCall Answers," ECF No. 49, neither of these responses even remotely addresses any issue raised by Defendants in their pending Motion to Dismiss. As always, the court construes pro se filings in the light most favorable to him. However, it is not the court's place to create arguments for a pro se litigant. *See Waiters v. Hous. Auth. of Florence*, No. 4:21-CV-02527-JD-KDW, 2023 WL 2815320, at *6 (D.S.C. Jan. 30, 2023) (noting the court "is not required to make arguments for any party, including those proceeding pro se, nor is it required to review documents submitted with no context. The court is not charged with combing through the record to make arguments for any party. Judges 'are not like pigs, hunting for truffles buried in briefs. Similarly, it is not our job to wade through the record and make arguments for either party.'" (quoting *Hensley on behalf of N.C. v. Price*, 876 F.3d 573, 581 n.5 (4th Cir. 2017)); *report and recommendation adopted,* No. 4:21-CV-02527-JD, 2023 WL 2569455 (D.S.C. Mar. 20, 2023).

Construed liberally here, Plaintiff's two filings seem to relate to the substance of the claims he apparently brings in his Complaint, i.e., claims related to his representation by the McCall Law Firm and Chaquez McCall and Plaintiff's apparent dissatisfaction with that representation. Nothing in Plaintiff's response even arguably attempts to address the subject-

matter jurisdictional issue raised by Defendants (nor, as noted below, does Plaintiff address Defendants' substantive arguments).

As numerous courts in the Fourth Circuit repeatedly have held, a litigant's failure to address arguments in responding to dispositive motions amounts to a concession of such arguments. The court finds this is what has happened here. By opting not to even reference or argue against Defendants' jurisdictional challenge, Plaintiff may be found to have conceded the lack of subject-matter jurisdiction in this court. *See Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 783 (D. Md. 2010) (stating a party who fails to address arguments in opposition to a motion to dismiss abandons their claim); *see also Eady v. Veolia Transp. Servs., Inc.,* 609 F. Supp. 2d 540, 560-61 (D.S.C. 2009) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."); *Sawyers v. United Parcel Serv., Inc.*, C/A No. 1:18CV1037, 2019 WL 4305771, at *3 (M.D.N.C. Sept. 11, 2019) (collecting cases showing that "[t]his district and others within the Fourth Circuit agree that failing to respond to an argument constitutes an abandonment of a claim"); *Hall v. Tyco Hall Int'l Ltd.*, 223 F.R.D. 219, 255 (M.D.N.C. 2004) ("In his Response Brief, Plaintiff does not dispute Tyco Electronics' contentions. Therefore, the Court deems Plaintiff to have abandoned these claims.").

The undersigned recommends Defendants' Motion to Dismiss be granted pursuant to Rule 12(b)(1). Plaintiff, on whom the burden to establish jurisdiction rests, has failed to do so and, indeed, has abandoned his assertion of jurisdiction by opting to ignore the argument. Dismissal for want of jurisdiction is appropriate. Based on this recommendation, the analysis could end. However, because this is a Report for the district judge, the undersigned also considers Defendants' brief substantive ground for dismissal.

III.     Alternative substantive challenges

Defendant also argues in the alternative that Plaintiff's Complaint is defective and should be dismissed because Plaintiff has failed to comply with S.C. Code Ann. § 15-36-100. That statute contains a substantive South Carolina law requirement that, in matters alleging professional negligence, "the plaintiff must file as part of the complaint an affidavit of an expert witness" setting out the negligence that such plaintiff claims. The statute applies to claims against attorneys at law. S.C. Code Ann. § 15-36-100(G)(2). Defendants assert this requirement is "substantive and is not discretionary" and no action can proceed without such an affidavit. Def. Mem. 5 & n.4.

As noted by Defendants, it is undisputed that Plaintiff has provided no expert-witness affidavit. Furthermore, Plaintiff's responses to the pending Motion do not reference the expert-witness requirement in any manner.

Additionally, Defendants note the Complaint includes no claims against Kelli Spencer, and she should be dismissed for that reason. Plaintiff does not respond to that portion of Defendants' Motion, either.

Plaintiff's failure to provide an expert-affidavit as to his claims, which relate to his representation by McCall and McCall Law Firm, is fatal to his claims. His failure to make specific allegations as to Spencer is fatal to claims against her. Finally, Plaintiff's failure to even respond to this portion of Defendants' Motion to Dismiss can be granted on that ground alone. Plaintiff's Complaint should be dismissed.

IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss, ECF No. 41, be granted and this matter be ended.

IT IS SO RECOMMENDED.

August 9, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**