IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrell Herbert, | ) | Case No.: 4:23-cv-6242-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Chaquez T. McCall, McCall Law Firm, | ) | |
| and Kelli Spencer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 57.)  Plaintiff Terrell Herbert ("Plaintiff" or "Herbert"), proceeding *pro se*, brings this action against his former counsel, Defendants Chaquez T. McCall; McCall Law Firm; and paralegal Kelli Spencer (collectively "Defendants") alleging, among other things, "On April 12, 2022 McCall Law and Mr. Chaquez McCall sent a Demand to insurance company without my knowledge and left out several documents and stepped down from my case."  (DE 1 at 5.)

On May 9, 2024, Defendants filed a Motion to Dismiss alleging the Court does not have subject matter jurisdiction because Plaintiff has not established diversity of

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

citizenship nor has he brought a claim under federal law.  Alternatively, Defendants seek dismissal on the alternative ground that Plaintiff has not complied with South Carolina Code Section 15-36-100's requirement that a legal malpractice claim include an affidavit and has not set out any claims as to Defendant Spencer.  (DE 41.)  Under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the motion to dismiss and dismissal procedures and the possible consequences if he failed to respond adequately to the motion.  (DE 44.)  Plaintiff filed Responses in opposition on May 15, 2024 (DE 46) and May 16, 2024 (DE 49).  Defendants filed a reply on August 8, 2024.  (DE 56.)  The Report was issued on August 9, 2024, recommending that Defendants' Motion to Dismiss be granted.  (DE 57.)  Further, the Report does not recommend that Defendants be awarded fees and costs.  (*Id.*)

Plaintiff did not file an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Thus, the Court adopts the Report (DE 57) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 41) is granted, and Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.