IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| Terrell Herbert, | ) | Case No.: 4:23-cv-06242-JD-KDW |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER AND OPINION** |
|  | ) |  |
| Chaquez T. McCall, McCall Law Firm, | ) |  |
| and Kelli Spencer, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

This matter is before the Court following remand from the United States Court of Appeals for the Fourth Circuit and for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West. (DE 57.) The Report recommends granting Defendants' Motion to Dismiss. (DE 41.) After the Court re-served the Report, Plaintiff Terrell Herbert ("Plaintiff"), proceeding *pro se*, filed objections (DE 95), Defendants responded (DE 96), and Plaintiff filed a reply and supplemental reply (DE 97; DE 98).[1] Also pending are Plaintiff's Motions for Summary Judgment (DE 60; DE 64; DE 99) and a Petition for Rehearing docketed at DE 83.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the Report as modified, grants Defendants' Motion to Dismiss to the extent it seeks dismissal under Rule 12(b)(1), and dismisses this action without prejudice for lack of subject matter jurisdiction. The Court does not reach the Report's alternative merits grounds. The remaining motions are disposed of below.

## I.     BACKGROUND

Plaintiff filed this action on December 4, 2023, against his former attorney, Chaquez T. McCall; McCall Law Firm; and Kelli Spencer, whom the Complaint identifies in the caption but does not otherwise discuss. Plaintiff alleges that McCall and the firm sent an insurance demand without Plaintiff's knowledge, omitted documents and categories of damages, and later withdrew from the representation. (DE 1 at 2–5.) The Complaint invokes diversity jurisdiction, identifies Plaintiff as a citizen of Pennsylvania, supplies a Florence, South Carolina, mailing address for Plaintiff, and provides South Carolina addresses for Defendants. (*Id*. at 2–4.)

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff had not established complete diversity and had pleaded no federal claim. In the alternative, Defendants argued that Plaintiff failed to comply with South Carolina's expert affidavit requirement for professional negligence actions and failed to allege any claim against Spencer. (DE 41.) The Report recommends granting the motion on jurisdictional grounds and, alternatively, on the asserted pleading defects. (DE 57.)

The Report was issued on August 9, 2024, and was mailed that day to Plaintiff's pre-incarceration address. Plaintiff was detained on August 9, 2024, and the docket does not show that the Report was forwarded to his detention center address before the Court entered judgment. The Court adopted the Report on October 23, 2024, after receiving no objections. (DE 67; DE 68.)

The Fourth Circuit vacated that judgment because the record did not permit a conclusive determination that Plaintiff received the Report and remanded for this Court to determine receipt and conduct appropriate further proceedings. *See Herbert v. McCall*, No. 24-2138, 2025 WL 3678497, at *1 (4th Cir. Dec. 18, 2025) (unpublished). The panel later denied Plaintiff's petition for rehearing, and its mandate issued on February 10, 2026. (DE 84; DE 85.)

On remand, the Court finds that Plaintiff did not receive the Report in time to file objections before the former judgment was entered. The Court accordingly directed the Clerk to re-serve the Report and afforded Plaintiff a new objection period. (DE 86.) The Clerk mailed the Report to Plaintiff at Kirkland Reception and Evaluation Center on March 31, 2026, and Plaintiff timely objected. (DE 93; DE 95.) Plaintiff has, therefore, received the notice and de novo review contemplated by the Fourth Circuit's mandate.

## II.     LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's

3

right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983),

## III.    DISCUSSION

### A.    Diversity Jurisdiction

Federal diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity means that no plaintiff shares state citizenship with any defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Citizenship is determined when the action is filed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). An individual is a citizen of the state in which he is domiciled, and domicile requires physical presence coupled with an intent to make that state a home. *See Johnson v. Advance America*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Residence alone does not establish citizenship. *See Axel Johnson, Inc. v.*

4

*Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). When jurisdictional facts are challenged, the party invoking federal jurisdiction must establish them by a preponderance of the evidence. *See Zoroastrian Center & Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York*, 822 F.3d 739, 748 (4th Cir. 2016).

The Complaint states that Plaintiff is a Pennsylvania citizen. Defendants dispute that allegation and rely on Plaintiff's repeated use of a Florence, South Carolina, address in this and other litigation. In his objections, Plaintiff explains that 1937 West Palmetto Street was a commercial mailbox at a UPS Store rather than his residence. He also states that he presented a Pennsylvania driver's license when he filed this action and that the Clerk copied it. (DE 95; DE 97; DE 98.)

Plaintiff's explanation undercuts any inference of South Carolina domicile from the mailing address alone, and the Court does not infer South Carolina citizenship on that basis. But the explanation does not affirmatively establish Pennsylvania domicile. No copy of the asserted Pennsylvania license appears in the record, and Plaintiff's *pro se* status does not establish that such a license was filed. Even crediting his assertion that he possessed and presented the license, a driver's license is only one indicium of domicile. Relevant considerations include current residence, voter registration, property, bank accounts, associations, employment, vehicle registration, and tax payments. *See Scott v. Cricket Communications, LLC*, 865 F.3d 189, 195 (4th Cir. 2017). Plaintiff provides no facts showing when or where he lived in Pennsylvania, whether he maintained a home there, or whether he

intended Pennsylvania to remain his permanent home when this action began. His repeated assertion of Pennsylvania citizenship, standing alone, does not establish the jurisdictional facts by a preponderance of the evidence.

Accordingly, the Court does not determine that Plaintiff was a citizen of South Carolina. It finds instead that Plaintiff has not established that he was domiciled in Pennsylvania when he filed the Complaint. Because Plaintiff has not established his own citizenship, he has not met his burden to show complete diversity. The Court adopts the Report's jurisdictional recommendation on this narrower basis. It does not rely on the Report's suggestion that Plaintiff conceded or abandoned the jurisdictional issue by failing to address it in his original responses because subject-matter jurisdiction cannot be created, waived, or forfeited by litigation conduct. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## B.    Federal-Question Jurisdiction

Plaintiff also objects that his malpractice claim involves fraud and newly submitted evidence. (DE 95.) Federal question jurisdiction exists when federal law creates the cause of action or when a state law claim necessarily raises a federal issue that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal and state balance. *See* 28 U.S.C. § 1331; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). Fraud, legal malpractice, and disputes over an attorney's handling of an insurance demand ordinarily arise under state law. Plaintiff's use of the word "fraud" does not transform those claims into federal causes of action.

The Complaint selects diversity as the basis for jurisdiction and identifies no federal statute or constitutional provision supporting relief. To the extent it alleges that McCall made false statements leading to Plaintiff's arrest, it does not allege a deprivation of a federal right or facts showing that McCall exercised authority conferred by public office, acted jointly with state officials, or otherwise acted under color of state law. *See Wahi v. Charleston Area Medical Center, Inc.*, 562 F.3d 599, 615–16 (4th Cir. 2009). Plaintiff's later allegations of political influence do not alter the operative pleading because parties may not amend their complaints through briefing or oral advocacy. *See Southern Walk at Broadlands Homeowner's Association, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Thus, neither the Complaint nor Plaintiff's post-Report filings establish federal question jurisdiction.

## C.     Alternative Grounds and Remaining Filings

Because the Court lacks subject matter jurisdiction, it may not adjudicate the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *see also Lowy v. Daniel Defense, LLC*, 167 F.4th 175, 201–04 (4th Cir. 2026). The Court, therefore, declines to reach or adopt the Report's alternative conclusions concerning South Carolina Code § 15-36-100, the sufficiency of the allegations against Spencer, the medical materials Plaintiff references, or Defendants' professional conduct. Plaintiff's objections on those subjects do not cure the jurisdictional defect and are otherwise left unresolved. Dismissal for lack of subject-matter jurisdiction must be without prejudice. *See Southern Walk*, 713 F.3d at 185.

Although docketed in this Court, DE 83 sought rehearing of the Fourth Circuit's December 18, 2025, judgment. The Fourth Circuit denied rehearing at DE 84 and subsequently issued its mandate at DE 85. DE 83 has, therefore, been resolved by the court of appeals. To the extent DE 83 may be construed as requesting relief from this Court, that request is moot because the former judgment was vacated and Plaintiff has now received the opportunity to object that he requested. The Clerk will be directed to terminate DE 83 as resolved.

Plaintiff's Motions for Summary Judgment at DE 60, DE 64, and DE 99 cannot be adjudicated on the merits in the absence of subject matter jurisdiction and are denied as moot. Plaintiff's requests for oral argument are also denied because the facts and legal contentions are adequately presented in the record and argument would not aid the decisional process. *See* Local Civil Rule 7.08 (D.S.C.).

## IV.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (DE 95), as supplemented by DE 97 and DE 98; **ADOPTS** the Report (DE 57) **AS MODIFIED** with respect to its jurisdictional recommendation; and **GRANTS** Defendants' Motion to Dismiss (DE 41) to the extent it seeks dismissal under Rule 12(b)(1). This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court does not reach the motion's alternative grounds.

The Clerk is directed to terminate DE 83 as resolved by DE 84 and DE 85. To the extent DE 83 seeks relief from this Court, it is **DENIED AS MOOT**. Plaintiff's Motions for Summary Judgment (DE 60; DE 64; DE 99) are **DENIED AS MOOT**,

and Plaintiff's requests for oral argument are **DENIED**. The Clerk shall enter judgment without prejudice and close this case.

  **IT IS SO ORDERED**.

         _____

         Joseph Dawson, III
         United States District Judge

Florence, South Carolina
August 5, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from its entry under Rules 3 and 4 of the Federal Rules of Appellate Procedure.